The People of the State of New York, Respondent,
against
Ricky Constable, Appellant. 




Appellate Advocates (Angad Singh of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Jodi L. Mandel of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Alexander Calabrese, J.), rendered January 22, 2016. The judgment convicted defendant, upon his plea of guilty, of petit larceny, and imposed sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as counsel.




ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave to withdraw as counsel is granted and new counsel is assigned pursuant to article 18-B of the County Law to prosecute the appeal;
Steven A. Feldman, Esq.
626 Reckson Plaza
West Tower, 6th Floor 
Uniondale, NY 11556.
New counsel is directed to serve and file a brief within 90 days after the date of this order and decision. The People may serve and file a respondent's brief within 21 days after the service [*2]upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and file a reply brief within seven days after the service of the respondent's brief. Relieved counsel is directed to turn over all papers in his possession to the newly assigned counsel.
Assigned counsel submitted a brief in accordance with Anders v California (386 US 738 [1967]), setting forth his conclusion that there exist no nonfrivolous issues that could be raised on appeal. An independent review of the record, however, reveals that a nonfrivolous issue exists pertaining to whether the count in the accusatory instrument charging defendant with petit larceny, to which count defendant ultimately pleaded guilty, was facially sufficient (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Additionally, a nonfrivolous issue exists pertaining to whether, under the circumstances presented, the Criminal Court erred in failing to inform defendant that he could be deported as a consequence of pleading guilty, and whether such issue needed to be preserved. 
Accordingly, the appeal is held in abeyance and new counsel is assigned pursuant to article 18-B of the County Law.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2019